IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NINA TSCHAPEK,

    Plaintiff,

vs.

KEYSTONE BUILDERS INC.,
a Florida Profit Corporation, and
ALAN MONETTE, an individual,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, NINA TSCHAPEK, sues Defendants, KEYSTONE BUILDERS INC. and ALAN MONETTE, and shows:

### **Introduction**

1.    This is an action by NINA TSCHAPEK against her former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### **Jurisdiction**

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, NINA TSCHAPEK, (hereinafter "Plaintiff" or "TSCHAPEK") a resident of Broward County, was at all times material, employed by KEYSTONE BUILDERS INC., as a bookkeeper, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with KEYSTONE BUILDERS INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, KEYSTONE BUILDERS INC. (hereinafter "KEYSTONE"), is a Florida Profit Corporation with its principal place of business in Broward County, Florida, doing business throughout South Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207.

6. Defendant ALAN MONETTE (hereinafter "MONETTE") is a resident of Broward County Florida in the Southern District of Florida.

7. At all times material to this Complaint, MONETTE has managed and/or operated Defendant KEYSTONE and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate of pay for employees, and controlled its finances and daily operations. MONETTE did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and thus dictated the terms of Plaintiff's employment. MONETTE was the individual who decided not to pay Plaintiff for hours worked and ultimately terminated Plaintiff.

By virtue of such control and authority, MONETTE is an employer and/or joint-employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

### Count I – Violation of FLSA by Both Defendants – Overtime

8. Plaintiff, NINA TSCHAPEK, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. Since on or about November 13, 2019 up to and including January 31, 2020, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, TSCHAPEK, during her employment, worked in excess of 40 hours a week during several weeks of her employment, but was not compensated for all overtime hours at one and one-half times her regular rate.

10. The failure to pay overtime compensation to TSCHAPEK is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

11. TSCHAPEK is entitled pursuant to 29 U.S.C. § 216(b), to recover from both Defendants:

      a. All unpaid overtime that is due;

      b. As liquidated damages, an amount equal to the unpaid overtime owed;

      c. The costs of this action, and;

      d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, NINA TSCHAPEK, prays that this court will grant judgment against both Defendants:

      a.    awarding TSCHAPEK payment of overtime compensation found by the court to be due to her under the Act;

      b.    awarding TSCHAPEK an additional equal amount as liquidated damages;

      c.    awarding TSCHAPEK her costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### **Jury Demand**

Plaintiff demands trial by jury.

Dated: May 29, 2020
Plantation, Florida                    Respectfully submitted,

                                s/*Robert S. Norell*
                                Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                E-Mail: rob@floridawagelaw.com
                                ROBERT S. NORELL, P.A.
                                James A. Peterson, Esq. (Fla. Bar No.: 645621)
                                E-Mail: James@floridawagelaw.com
                                300 N.W. 70th Avenue
                                Suite 305
                                Plantation, Florida 33317
                                Telephone: (954) 617-6017
                                Facsimile: (954) 617-6018
                                Counsel for NINA TSCHAPEK