IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-61066-RAR

NINA TSCHAPEK,

    Plaintiff,

vs.

KEYSTONE BUILDERS INC.,
a Florida Profit Corporation, and
ALAN MONETTE, an individual,

    Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, NINA TSCHAPEK, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), files her First Amended Complaint against Defendants, KEYSTONE BUILDERS INC. and ALAN MONETTE (collectively "Defendants"), and shows:

### Introduction

1.    This is an action by NINA TSCHAPEK against her former employers for unpaid overtime wages, unpaid minimum wages, and retaliation pursuant to the Fair Labor Standards Act, unpaid minimum wages and unpaid wages pursuant to Florida law, and retaliation under Florida's Whistleblower Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 206, 207, and 215, and the Florida Constitution. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

1

3.      The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.      Plaintiff, NINA TSCHAPEK, (hereinafter "Plaintiff" or "TSCHAPEK") a resident of Broward County, was at all times material, from November 2019 through January 2020, employed by KEYSTONE BUILDERS INC., as a bookkeeper, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with KEYSTONE BUILDERS INC., was engaged in commerce or in the production of goods for commerce.

5.      Defendant, KEYSTONE BUILDERS INC. (hereinafter "KEYSTONE"), is a Florida Profit Corporation with its principal place of business in Broward County, Florida, doing business throughout South Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207.

6.      Defendant ALAN MONETTE (hereinafter "MONETTE") is a resident of Broward County, Florida in the Southern District of Florida.

7.      At all times material to this Complaint, MONETTE has managed and/or operated Defendant KEYSTONE and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate of pay for employees, and controlled its finances and daily operations.  MONETTE did, in fact, hire Plaintiff, set Plaintiff's rate of pay

and work schedule, and thus dictated the terms of Plaintiff's employment. MONETTE was the individual who decided not to pay Plaintiff for hours worked and ultimately terminated Plaintiff. By virtue of such control and authority, MONETTE is an employer and/or joint-employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

**<u>Count I – Violation of FLSA by Both Defendants – Overtime</u>**

8.      Plaintiff, NINA TSCHAPEK, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9.      Since on or about November 13, 2019 up to and including January 31, 2020, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, TSCHAPEK, during her employment, worked in excess of 40 hours a week during several weeks of her employment, but was not compensated for all overtime hours at one and one-half times her regular rate.

10.     The failure to pay overtime compensation to TSCHAPEK is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

11.     TSCHAPEK is entitled pursuant to 29 U.S.C. § 216(b), to recover from both Defendants:

   a.   All unpaid overtime that is due;

   b.   As liquidated damages, an amount equal to the unpaid overtime owed;

   c.   The costs of this action, and;

   d.   A reasonable attorney's fee.

WHEREFORE, Plaintiff, NINA TSCHAPEK, prays that this Court will grant judgment against both Defendants:

    a.  awarding TSCHAPEK payment of overtime compensation found by the court to be due to her under the Act;

    b.  awarding TSCHAPEK an additional equal amount as liquidated damages;

    c.  awarding TSCHAPEK her costs, including a reasonable attorney's fee; and

    d.  granting such other and further relief as is just.

**Count II - Violation of the FLSA by Both Defendants - Minimum Wage**

12.    Plaintiff, TSCHAPEK, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

13.    TSCHAPEK worked for Defendants for several hours on January 29, 30, and 31, 2020, but received no compensation whatsoever for the work performed.

14.    Defendants' failure to pay TSCHAPEK violates 29 U.S.C. § 206(a)(1) by not paying her at least a minimum wage.

15.    TSCHAPEK is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

    a.  The applicable minimum wage in effect at the times she worked without receiving compensation;

    b.  As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

    c.  The costs of this action, and;

    d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.  Enter judgment for TSCHAPEK and against Defendants on the basis of their willful violations of the FLSA;

    b.  Award TSCHAPEK actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c.  Award TSCHAPEK an equal amount in liquidated damages;

    d.  Award TSCHAPEK reasonable attorneys' fees and costs of suit; and

    e.  Other such relief as this Court deems just.

### Count III – Violation of FLSA by Both Defendants – Retaliation

16.    Plaintiff realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 7 above.

17.    Plaintiff, at several times during the course of her employment with Defendants, complained about the number of hours that she was required to work, as well as the manner in which she was being compensated. Specifically, Plaintiff made her complaints well-known to the Defendants that her weekly hours far exceeded 40 and that she should be paid overtime.

18.    Plaintiff's written and verbal complaints regarding her weekly hours were well known throughout the company, or at the very least, by both ALAN MONETTE and Marina Monette, co-owners of KEYSTONE.

19.    As a result of Plaintiff's complaints mentioned above, Defendants discharged Plaintiff from her employment.

20.    Defendants' reasons for Plaintiff's discharge were pre-textual.

21.    Defendants' actions as more particularly described above were directly related to and in response to Plaintiff's various complaints about not being paid overtime for hours in

excess of 40 each week, since there are no other justifiable reasons for Defendant's adverse action.

22.     Plaintiff's complaints about Defendants' failure to pay overtime wages constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

23.     Defendants' adverse treatment of Plaintiff was pre-textual and a direct result of Plaintiff's public opposition to Defendants' pay practices.

24.     The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

25.     Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

    a.  All lost wages that are due, including pre-judgment interest;

    b.  As liquidated damages, an amount equal to lost wages

    c.  The costs of this action, and;

    d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Court will grant judgment against Defendant:

    a.  awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

    b.  awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

    c.  awarding Plaintiff his costs, including a reasonable attorney's fee; and

    d.  granting such other and further relief as is just.

### Count IV - Violation of the Florida Minimum Wage Act, Florida Statute 448.110, by KEYSTONE

26.     Plaintiff, TSCHAPEK, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 7 above.

27.     TSCHAPEK worked for Defendants for several hours on January 29, 30, and 31, 2020, but received no compensation whatsoever for the work performed.

28.     Defendants' failure to pay TSCHAPEK violates Florida Statue 448.110 (the Florida Minimum Wage Act) by not paying her at least a minimum wage.

29.     All conditions precedent have been performed or waived.

30.     At all relevant times, KEYSTONE employed ten or more persons.

31.     TSCHAPEK is entitled pursuant to the Florida Minimum Wage Act to recover from Defendant KEYSTONE:

    a.  The applicable minimum wage in effect at the times she worked without receiving compensation;

    b.  As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

    c.  The costs of this action, and;

    d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.  Enter judgment for TSCHAPEK and against KEYSTONE on the basis of its willful violations of the Florida Minimum Wage Act;

    b.  Award TSCHAPEK actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c.  Award TSCHAPEK an equal amount in liquidated damages;

    d.  Award TSCHAPEK reasonable attorneys' fees and costs of suit; and

    e.  Other such relief as this Court deems just.

**Count V - Violation of Florida Common Law by KEYSTONE – Failure to Pay Wages**

32.     Plaintiff, TSCHAPEK, realleges, as if fully set forth in Count V, the allegations of Paragraphs 1 through 7 above.

33.     TSCHAPEK had agreed to be paid $1,059.67 in weekly wages by KEYSTONE for her services.

34.     TSCHAPEK worked for Defendants for several hours on January 29, 30, and 31, 2020, but received no compensation whatsoever for the work performed.

35.     KEYSTONE's failure to pay TSCHAPEK her agreed upon wages for those days violates Florida common law.

36.     TSCHAPEK is entitled pursuant to Florida common law to recover from Defendant KEYSTONE:

    a.   The agreed upon wages for days worked but not paid by KEYSTONE;

    b.   The costs of this action, and;

    c.   A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.   Enter judgment for TSCHAPEK and against KEYSTONE for nonpayment of wages;

    b.   Award TSCHAPEK actual and compensatory damages in the amount shown to be due for unpaid wages, with interest;

    c.   Award TSCHAPEK reasonable attorneys' fees and costs of suit; and

    d.   Other such relief as this Court deems just.

**Count VI – Violation of Florida Statute § 448.102(3) (Whistleblower Act) by KEYSTONE -
Retaliation**

37.     Plaintiff, TSCHAPEK, realleges, as if fully set forth in Count VI, the allegations
of Paragraphs 1 through 7 above.

38.     At all relevant times, KEYSTONE employed ten or more persons.

39.     During TSCHAPEK's employment, TSCHAPEK objected to and made several
verbal complaints to KEYSTONE management about various violations of laws, and/or rules,
and/or regulations occurring in the workplace.

40.     Specifically, TSCHAPEK objected to ALAN MONETTE and Marisa Monette's
practice of using KEYSTONE funds and credit to purchase items and services purely for
personal use, including but not limited to:

a.   Paying for their personal home owner's insurance with company funds;

b.   Using a company credit card to purchase personal items off of Amazon.com, such
as pots and pans; and

c.   Hiring employees of KEYSTONE to work weekends at their newly purchased
personal residence in Oakland Park, Florida by paying those employees through
KEYSTONE but not counting those weekend hours in addition to the employees'
regular weekday hours for purposes of calculating overtime wages.

41.     The various violations of laws, and/or rules, and/or regulations were ratified by
Defendant, KEYSTONE, because Defendant was aware of the violations, but failed to take any
action in order to correct said violations.

42.     Rather than take action to correct the various violations, Defendant elected to take
action by firing Plaintiff.

43.     Defendant's actions illustrated in Paragraph 42 amount to "retaliatory personnel actions," pursuant to Florida Statutes § 448.101(5).

44.     TSCHAPEK is entitled pursuant to Florida Statutes §§ 448.102(3); 448.103; and 448.104 to recover from Defendant KEYSTONE:

    a.  Lost wages, benefits, and other remuneration;

    b.  Any other compensatory damages allowable at law;

    c.  The costs of this action; and

    d.  A reasonable attorney's fee.

WHEREFORE, TSCHAPEK prays that this Honorable Court:

    a.  Enter judgment for TSCHAPEK against Defendant KEYSTONE on the basis of Defendant's willful violations of Florida Statutes § 448.102(3);

    b.  Award TSCHAPEK actual and compensatory damages in the amount shown to be due for lost wages;

    c.  Award TSCHAPEK reasonable attorneys' fees and costs of suit; and

    d.  Grant such other and further relief as this Court deems equitable and just.

### **Jury Demand**

Plaintiff demands trial by jury.


Dated: September 1, 2020
Plantation, Florida

Respectfully submitted,

s/**James A. Peterson**
James A. Peterson, Esq.
(Fla. Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for NINA TSCHAPEK*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on September 1, 2020 on all counsel or parties of record appearing on the Service List below.

By:    */s/James A. Peterson*
James A. Peterson

## Service List

Case No. 20-CV-61066-RAR

James A. Peterson, Esq.
E-Mail: James@floridawagelaw.com
Robert S. Norell, Esq.
E-Mail: Rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*

April Hosford Stone, Esq.
E-Mail: ahs@agentislaw.com
Christopher B. Spuches
E-Mail: cbs@agentislaw.com
**AGENTIS PLLC**
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Telephone: (305) 722-2002
*Counsel for Defendant*
Method of Service: CM/ECF

11