UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61066-RUIZ/STRAUSS

**NINA TSCHAPEK,**

    Plaintiff,

v.

**KEYSTONE BUILDERS, INC.,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendants' Motion to Compel Arbitration and to Dismiss Complaint [DE 18] ("First Motion") and Defendants' Second Motion to Compel Arbitration and to Dismiss Complaint [DE 32] ("Second Motion").  The matter was referred to me to take all necessary and proper action as required by law [DE 23].  I have reviewed the First Motion, the Response [DE 26] and Reply [DE 29] thereto, the Second Motion,[1] and the pertinent portions of the record.  For the reasons discussed herein, I **recommend** that the First Motion [DE 18] be **DENIED as moot** and that the Second Motion be **DENIED without prejudice** pending a jury trial on the limited issue of whether Plaintiff signed the alleged arbitration agreement.  If the Court finds that Plaintiff signed the agreement, I recommend that the Second Motion then be **GRANTED**.

---

[1] The Second Motion, filed on September 11, 2020, essentially combines the arguments from the First Motion and Reply.  Therefore, I entered an Order [DE 33] informing the parties that Plaintiff's original Response [DE 26] would also be treated as a response to the Second Motion.  Nevertheless, because a new motion was filed (albeit one that did not raise new substantive arguments), I provided Plaintiff with an opportunity to file a supplemental response, if she wanted to do so, by September 16, 2020.  Plaintiff, however, did not file a supplemental response.

**BACKGROUND**

Plaintiff commenced this action on May 29, 2020. Her initial Complaint [DE 1] included a single count seeking unpaid overtime under the Fair Labor Standards Act ("FLSA"). On August 18, 2020, Defendants filed the First Motion, asserting that Plaintiff is subject to an Independent Contractor Agreement ("Agreement") – which is attached to the First Motion and the Second Motion – containing an arbitration provision and, consequently, requesting that the Court compel arbitration and dismiss this case. The subject arbitration provision provides as follows:

> Arbitration. Any and all claims, disputes and controversies arising under or related to this Agreement, including without limitations, any claims for breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, and the breach of any alleged duty of good faith and fair dealing, shall be submitted to arbitration. The decision of the arbitrator shall be final and binding and may be entered as a judgment in the State court of competent jurisdiction.

[DE 18-1 at p. 5]. The Agreement purports to be signed by Plaintiff on the same page as the arbitration provision.

On September 1, 2020, Plaintiff filed an Amended Complaint [DE 24]. The Amended Complaint includes the overtime claim from the initial Complaint and also adds minimum wage and retaliation claims under the FLSA, as well as wage and whistleblower/retaliation claims under Florida law. Although Plaintiff's response to the First Motion was also due on September 1, 2020, she did not file her response. Therefore, I entered an Order to Show Cause [DE 25] requiring Plaintiff to file a response by September 3, 2020. In the Order to Show Cause, I noted that the filing of the Amended Complaint did not automatically render the First Motion moot.

In compliance with the Order to Show Cause, Plaintiff filed her Response [DE 26] on September 3, 2020. Along with her Response, Plaintiff submitted a declaration [DE 26-1]. Therein, Plaintiff states that: she did not sign the Agreement; her purported signature on the

Agreement is a forgery; she never would have signed the Agreement because it incorrectly lists her middle initial; she has never seen the Agreement (at least not before this case was filed); and she did not agree to submit any claims or disputes to arbitration [DE 26-1 at ¶¶ 3-5]. In the Response, Plaintiff further attempts to show that her purported signature on the Agreement is distinct from her actual signature (providing a few examples of her signature on other documents).

In their Reply [DE 29], filed on September 10, 2020, Defendants argue that Plaintiff failed to sufficiently demonstrate that she did not sign the Agreement. They assert that Plaintiff's signature on the Agreement is nearly identical to the examples of her signature reflected in the Response. They also argue that Plaintiff signed a W-9, which they contend supports their position that Plaintiff was an independent contractor.

## **ANALYSIS**

An arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Federal Arbitration Act ("FAA") "creates a 'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014)). However, the presumption of arbitrability "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Id.* (quoting *Dasher*, 745 F.3d at 1116). When the making of the arbitration agreement is at issue, courts must find that the parties agreed to the arbitration agreement before referring the matter to arbitration. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) ("The court 'shall' order arbitration 'upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'" (quoting 9 U.S.C. § 4)).

Overall, when a motion to compel arbitration is filed, courts consider the following: "(1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Gomez v. Allied Professionals Ins. Co.*, No. 19-CV-24994, 2020 WL 2197865, at *3 (S.D. Fla. May 6, 2020) (citations omitted). *See also Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) ("Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." (citation omitted)).

Here, Plaintiff disputes the existence of the Agreement. She claims to have never signed the Agreement and she claims to have never seen it prior to filing this case. However, Plaintiff does not otherwise contest the validity of the Agreement or the arbitrability of the claims in this case,[2] and she does not contend that the right to arbitration has been waived (assuming the Agreement exists).

If this Court finds the making of an arbitration agreement to "be in issue, [it] shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Determining whether the making of the Agreement is in issue requires the application of a summary judgment-like standard. *Bazemore*, 827 F.3d at 1333. Thus, "a district court may conclude as a matter of law that parties did or did not enter into

---

[2] Although Plaintiff filed her Amended Complaint after the Motion was filed, she did not file her Response until after the Amended Complaint was filed. In the Response, Plaintiff does not specifically argue that any of the new claims in the Amended Complaint do not come within the scope of the alleged Agreement. Relatedly, as mentioned above, I noted in the Order to Show Cause [DE 25] that the filing of the Amended Complaint did not *automatically* render the First Motion moot. In her Response, Plaintiff did not argue that the Amended Complaint rendered the Motion moot (in whole or in part). The First Motion only technically became moot when the Second Motion was filed. In any event, Plaintiff has not asserted that any of the claims alleged in the Amended Complaint are outside the scope of the alleged Agreement.

an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Id.* (citing Fed. R. Civ. P. 56(a)).

The Eleventh Circuit "repeatedly has emphasized that '*state law* generally governs whether an enforceable contract or agreement to arbitrate exists.'" *Id.* at 1329 (citation omitted). Under Florida law, "[t]he party seeking enforcement of an agreement has the burden of establishing that an enforceable agreement exists." *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). *See also Bazemore*, 827 F.3d at 1330 ("The party asserting the existence of a contract has the burden of proving its existence and its terms." (citation omitted)).[3]

Defendants have satisfied their initial burden by providing a copy of the alleged written Agreement purporting to have Plaintiff's signature (Defendants' contention that Plaintiff assented to the Agreement is premised upon their claim that Plaintiff signed the Agreement).[4] As mentioned above, Plaintiff has denied signing the Agreement and has denied ever seeing the Agreement before it was provided to her during the pendency of this case. While the Reply characterizes Plaintiff's statements as having no recollection of the Agreement, that is a mischaracterization. Plaintiff did not say that she did not recall seeing the Agreement. Instead, she unequivocally denied seeing or signing it. Her declaration is sufficient to create a genuine issue of material fact.

---

[3] I note that both parties discuss *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851 (11th Cir. 1992), which provides an outdated standard for determining whether an agreement to arbitrate exists. The Eleventh Circuit has confirmed that the standard announced in *Chastain* no longer applies in light of the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995). *See Bazemore*, 827 F.3d at 1329-30; *Larsen v. Citibank FSB*, 871 F.3d 1295, 1303 n.1 (11th Cir. 2017).

[4] Defendants technically did not provide evidence. They merely attached the purported agreement to their motion and asserted therein that it was an agreement Plaintiff had signed. Defendants have not provided any affidavit or declaration supporting their motion's assertions, providing any further details about the signing of the agreement, nor authenticating the Agreement itself. Nevertheless, Plaintiff did not raise this issue in her Response and even recognized that a jury trial on the issue may be necessary. Therefore, to the extent Defendants' failure to provide an affidavit prevents them from meeting their burden, Plaintiff has waived the issue.

A factfinder could reasonably find for Plaintiff on the issue of whether she signed the Agreement.[5] Moreover, it is Defendants who have the burden of proving the existence of the Agreement and the absence of a genuine issue of material fact.

Therefore, the matter must summarily proceed to trial in accordance with 9 U.S.C. § 4. Because Plaintiff has requested – in her Response – a jury trial on the issue if the motion is not denied outright, she is entitled to a jury trial on the issue. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346-50 (11th Cir. 2017).[6]

## CONCLUSION

For the reasons discussed above, I **recommend** that the District Court **DENY** the First Motion [DE 18] **as moot**, **DENY** the Second Motion [DE 32] **without prejudice**, and hold a jury trial on the issue of whether Plaintiff signed the Agreement. If the Court finds that Plaintiff signed the Agreement, I recommend that the District Court revisit its ruling, **GRANT** the Second Motion, and compel arbitration.

---

[5] Defendants assert that the examples of Plaintiff's signature reflected in the Response are almost identical to Plaintiff's purported signature on the Agreement. These arguments may ultimately have merit, but that is for a factfinder to decide. Even if there is similarity between the signatures, Plaintiff's categorial denial of having signed the Agreement, combined with the Agreement's apparent misrepresentation of Plaintiff's middle initial above the signature, are sufficient to raise a genuine issue of fact and could carry the day after the factfinder hears testimony. Also, while Defendants' argument regarding Plaintiff signing a W-9 may have some bearing on Plaintiff's status as an employee or independent contractor, it is not probative of whether Plaintiff signed the Agreement containing the arbitration provision. Finally, it is unclear whether Defendants are alternatively seeking dismissal under Rule 12(b)(6) based on their claim that Plaintiff was an independent contractor. However, to the extent they are, the Court cannot make this determination on a motion to dismiss.

[6] While Plaintiff is entitled to a jury trial, she may wish to consider proceeding by bench trial, as a jury trial will occur no earlier than January 2020 in light of the COVID-19 pandemic. Further, should the Plaintiff agree to proceeding by bench trial, I am available to conduct that bench trial, should the parties consent and the Court choose to refer the matter to me.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 17th day of September 2020.

Jared M. Strauss
United States Magistrate Judge